UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW AMSTERDAM CAPITAL PARTNERS, LLC,

               Plaintiff,

     - against -

MICHAEL M. WILSON,

               Defendant.

OPINION & ORDER

11-CV-9716 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff New Amsterdam Capital Partners, LLC, ("Amsterdam") commenced this breach of contract action against Defendant Michael Wilson on December 30, 2011. (Doc. No. 1) Amsterdam provides financing to the legal industry and has its principal place of business in New York City, New York. (Id.) Defendant Michael Wilson is a physician licensed to practice medicine and has his principal place of business in the District of Columbia. (Id.) Amsterdam alleges that Wilson failed to repay advances in a series of commercial financing transactions between the Parties. (Id.) Before the Court is Amsterdam's Motion for Leave to Amend the Complaint on the basis of information disclosed during the course of discovery. For the reasons that follow, Amsterdam's motion is **DENIED**.

## II. BACKGROUND

The Court set September 9, 2012, as the first discovery deadline in this case. (Doc. No. 8) On December 20, 2012, the Parties jointly submitted a stipulated schedule extending discovery until May 15, 2013. The Court endorsed that schedule on January 4, 2013. (Doc. No. 28) On February 27, 2013, the Parties jointly requested an extension of the discovery deadline by thirty days. The Court granted that request on March 8, 2013. (Doc. No. 29) Counsel for Wilson

moved to withdraw on September 24, 2013. (Doc. No. 36) The Court granted that motion on October 4, 2013. (Doc. No. 41) The Court subsequently ordered that discovery be completed by January 31, 2014. (Doc. No. 43) On March 11, 2014, after being informed by the Parties that Wilson's deposition had not yet taken place, the Court endorsed the Parties' agreement that discovery be extended so that Wilson could be deposed on March 28, 2014. (Doc. No. 46)

On April 21, 2014, Amsterdam requested an extension of discovery until May 15, 2014, "so as to accommodate a Further Request for Production of Documents that was served by plaintiff upon defendant, Michael Wilson, following his deposition." (Doc. No. 47) Amsterdam also asked for leave to file an Amended Complaint, alleging that Wilson "abrogat[ed] the contents of his Answer" and partially abrogated the contents of a prior affidavit during his deposition. (Id.) Specifically, Amsterdam asked to change the language of paragraph ten of the complaint which pertains to the first of a series of alleged contracts between the Parties. (Id.) Wilson did not respond to this letter. Instead, on April 28, 2014, he filed a Motion for Partial Summary Judgment arguing that paragraph ten should be struck from the Complaint as a materially false allegation about which there is no factual dispute. (Doc. No. 55) The Court granted Wilson leave to file a motion to amend and set a briefing schedule on April 30, 2014. (Doc. No. 53) The motion was fully briefed on June 2, 2014. The Court held a telephone conference with the Parties to address the arguments made in their briefs on March 11, 2015.

## A. Motion to Amend

Paragraph ten of the Complaint states: "On March 29, 2006, the parties entered into a Claim Investment Agreement, pursuant to which defendants obtained an advance of Three Hundred Nineteen Thousand Nine Hundred ($319,900.00) Dollars." (Doc. No. 1, Ex. A) Amsterdam asserts that this language was consistent with the notions in its records as well as the

emails between the Parties. (Doc. No. 55 at 4.)

Amsterdam argues that certain records, however, indicate that the March 29 agreement was actually a consolidation and refinancing rather than a new agreement. (Id. at 5.) Among these records are an email sent from Amsterdam to Wilson on April 25, 2006, which states "Can we redo the agreement one way or the other within the next few days?" and entries with related notes in Amsterdam's spreadsheet system. (Id.) A refinancing is also referenced in paragraph sixty-five of Wilson's answer which states that the "loan" described in paragraph ten was actually "the consolidation of the allegedly unpaid balance of Plaintiff's previous loans to Defendants, dating back to the early 2000's." (Id.) (Doc. No. 1, Ex. C)

In the proposed amended Complaint, paragraph ten states:

> Thereafter, on or about March 28, 2006 the parties entered into an agreement whereby defendant would remit a partial payment of $300,000, plaintiff would reduce the balance then owed by $50,000, and plaintiff would further reduce the fee schedule to 5.5% monthly fee simple. This agreement left a new reinvestment of $319,900.

(Doc. No. 54, Ex. 1)

Amsterdam argues that the Court should permit its proposed amendment given the inherent "lack of surprise or prejudice" involved in replacing paragraph ten of its original complaint with a "statement consistent with paragraph 65 of defendant's answer." (Doc. No. 55 at 5.) Amsterdam further argues that the amendment would not create any delay or need for additional discovery because the details of the May 29 agreement were already explored by the Parties in depositions and document discovery. (Id.)

Wilson asserts that it informed Amsterdam of the falsity of paragraph ten in the Complaint on September 9, 2013, after concluding that no "Claim Investment Agreement" existed. (Doc. No. 56 at 8.) Despite this warning, Amsterdam "took no steps to withdraw the

3

allegation." (Id.) Wilson argues that Amsterdam's "bad faith" in filing paragraph ten and its undue delay in seeking an amendment should preclude it from amending the Complaint, especially in light of the undue prejudice an amendment would impose on Wilson. (Id. at 25.)

## III. DISCUSSION

### A. Legal Standard

Generally, courts should freely give leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A party seeking to amend should bring its motion "as soon as the necessity for altering the pleading becomes apparent," to avoid an allegation of delay. *Id.* at § 1488; see also *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60. 72 (2d Cir. 1990) (upholding the district court's decision to deny leave to amend where the plaintiff waited more than twenty-four months after bringing suit to request leave to amend the pleading and plaintiff's reason for the delay was ignorance of the law).

### 1. Amsterdam Acted with Undue Delay.

In its letter asking the Court for leave to file a motion to amend, Amsterdam stated that its request was prompted by Wilson's testimony at his deposition. (Doc. No. 47) Wilson testified that paragraph ten of the complaint, among others, was "incorrect" and that he never entered into

4

the March 2006 agreement because the discussions on the refinance he requested in March 2006 were never completed to his satisfaction. (Doc. No. 59, Ex. 1) Amsterdam asserted that it sought to amend paragraph ten because "the pleadings should properly reflect the existence of the unresolved earlier contracts" and "the damages will change in Plaintiff's favor should Defendant be permitted to withdraw his earlier admission that a refinance took place." (Doc. No. 49) Amsterdam argues that it was "under absolutely no obligation to file a Rule 15 motion until such time as Wilson himself disavowed his answer." (Doc. No. 58)

The amendment Amsterdam proposes is based upon information Amsterdam had in its possession for the duration of discovery. Although Amsterdam points to Wilson's deposition testimony as the precipitating event requiring an amendment, the language of the proposed amendment does not incorporate Wilson's testimony. In fact, it makes an allegation that directly contradicts Wilson's testimony. The amended Complaint would describe the May 29 transaction as a refinance rather than a new "Claim Investment Agreement," when Wilson testified at his deposition was that no transaction occurred on May 29 at all. (Doc. No. 59, Ex. 1)

Amsterdam has offered no explanation for its failure to timely request an amendment to the Complaint. The argument that Wilson's "disavowal" of his answer created an obligation to amend the Complaint which documents previously exchanged in discovery did not, is without merit.

**2. The Proposed Amendment Serves No Purpose.**

During the March 11 telephone conference with the Parties, the Court asked Amsterdam to explain why the amendment it proposed was necessary. Amsterdam argued that changing paragraph ten to describe a refinancing rather than an "agreement" would help clarify the issues as well as allow Amsterdam to introduce evidence at trial pertaining to the prior contracts that

5

Wilson now claims were not refinanced.

The important allegation in paragraph ten is that some transaction occurred on May 29, 2006. Whether that transaction was a refinancing, a new agreement, or a failed discussion attempt, as Wilson testified, will be a subject of inquiry for trial. The arguments and evidence the Parties seek to present at trial concerning the nature of the alleged transaction on that date, will not be constrained by the language of paragraph ten as it is presently written.

## IV. CONCLUSION

Based on the foregoing, Amsterdam's motion to amend Complaint is **DENIED.**

**IT IS HEREBY ORDERED** that Parties should submit a Joint Final Pretrial Order to the undersigned by **April 13, 2015**.

**SO ORDERED this 12th day of March 2015.**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge